## CONNER v. SCHNELL & WEAVER.
### (No. 1509.)

(Court of Civil Appeals of Texas. Amarillo. March 26, 1919.)

SALES ⬥279—WARRANTY.

A guaranty that an automobile will give good service implies that it is to be handled and driven as automobiles ordinarily are, and given the care and supplied with oil, gasoline, etc., such as are proper to the use and running of such character of machinery.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Suit by C. R. Conner against Schnell & Weaver. Judgment for defendants, and the plaintiff appeals. Affirmed.

Carrigan, Britain & Morgan and Bert King, all of Wichita Falls, for appellant.

Weeks, Weeks & Francis, of Wichita Falls, for appellee.

BOYCE, J. This suit was brought by appellant to recover the price paid for an automobile bought of appellees on allegations of a breach of warranty made on the sale of said automobile, to the effect that it was a good automobile and would give good service. The defendants pleaded that the automobile was as represented, and guaranteed that if it failed to give the service such failure was the result of lack of proper care and attention in the driving thereof. The jury found that the automobile was sold under representation and guaranty that it "was a first-class automobile and would give excellent service and do good work," and that the automobile did not give good service, but they further found that the automobile was a good "serviceable car for the purposes for which plaintiff purchased same," and that its failure to give service in the hands of the plaintiff was not due to any defect in construction or material, but was the "fault of the plaintiff, owing to the manner in which he handled and operated the same." The jury also found that plaintiff ran the automobile without oil, and thereby injured said car "in its running and service."

Appellant contends that under such findings he was entitled to a judgment. Certainly the guaranty that the automobile would give good service would imply that it was to be handled and driven as automobiles ordinarily are and given the care and supplied with oil, gasoline, etc., such as are proper to the use and running of such character of machinery. The other assignments present the same question in different form. The jury found against the plaintiff on the only issue of fact in the case, that is, whether the trouble plaintiff had with the automobile was due to defects in it or to the fault of the plain-

tiff. This issue was made by the pleadings and the evidence, and we see no reason to disturb the finding of the jury or the judgment rendered thereon.

Affirmed.